**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **NORMAN DEUTSCH,**<br><br>　　　　Plaintiff**,**<br><br>　vs.<br><br>**FORD MOTOR COMPANY, ET AL.,**<br><br>　　　　Defendants**.** | CASE NO. 19-cv-01388-YGR<br><br>**ORDER GRANTING MOTION TO REMAND**<br>Re: Dkt. No. 12 |

　　　　Plaintiff Norman Deutsch brings this action against defendants Ford Motor Company ("Ford"), Henry Curtis Ford ("Curtis"), and Does 1 through 10 for violations of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, *et seq.* ("Song-Beverly Act"), also known as California's "Lemon Law," and for fraud related to defects developed by a Ford vehicle he purchased from defendants. (Dkt. No. 1-1 at ECF 3-13 ("Compl.").) Plaintiff originally filed his complaint in the California Superior Court, County of Santa Clara. (*Id.*) Defendants later removed the action to this Court.[1] (Dkt. No. 1 ("Removal").)

　　　　Now before the Court is plaintiff's motion to remand.[2] (Dkt. No. 12 ("Remand").) Having carefully considered the pleadings and the papers submitted, and for the reasons set forth more fully below, the Court hereby **GRANTS** plaintiff's motion to remand.[3]

---

[1] Defendants attached as Exhibit B to their notice of removal excerpts from Ford's 2017 Form 10-K filing and note in their notice of removal that the "Court can take judicial notice" of the facts contained therein. (*See* Removal ¶ 19; Ex. B.) These records have been filed with the Securities and Exchange Commission. Accordingly, the Court **GRANTS** defendants' request. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001) (noting "a court may take judicial notice of matters of public record" and documents whose "authenticity . . . is not contested" and upon which a plaintiff's complaint relies) (internal quotation marks omitted) (alterations in original).

[2] The Court has reviewed the papers submitted by the parties in connection with plaintiff's motion to remand. The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Accordingly, the Court **VACATES** the hearing scheduled for May 21, 2019.

[3] Accordingly the Court **VACATES** the initial case management conference currently scheduled for Monday, May 13, 2019 and, therefore, **VACATES AS MOOT** plaintiff's motion to

**I.  BACKGROUND**

   **A. Factual Background**

Plaintiff alleges as follows:

Plaintiff is a resident of Sonoma County, California. (Compl. ¶ 2.) Defendant Ford is a corporation organized under the laws of the State of Delaware.[4] (*Id.* ¶ 19.) Defendant Curtis is a business entity organized under the laws of the State of California. (*Id.* ¶ 5.) To the extent that any statutes of limitation apply to plaintiff's claim, "the running of the limitation periods have been tolled by equitable tolling, class action tolling (e.g. *American Pipe* rule), the discovery rule, fraudulent concealment rule, equitable estoppel, equitable tolling and/or repair rule." (*Id.* ¶ 7.)

On January 26, 2013, plaintiff purchased a 2013 Ford Escape vehicle identification number 1FMCU0GXXDUC36296 (the "Vehicle"), which was "manufactured and or distributed" by defendants. (*Id.* ¶ 8.) In connection with this purchase, plaintiff received an express written warranty, including "a 3-year/36,000 miles express bumper to bumper warranty" and "a 5-year/60,000 mile powertrain warranty," which covers the engine and transmission. (*Id.* ¶ 9.) Defendants "undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, [p]laintiff could deliver the Vehicle for repair services to [d]efendants' representative and the Vehicle would be repaired." (*Id.*) During the warranty period, the Vehicle contained or developed a number of defects that substantially impair the use, value, or safety of the Vehicle. (*See id.* ¶ 10.) As a result, plaintiff suffered damages "in an amount that is not less than $25,001.00." (*Id.* ¶ 11.)

Based upon these allegations, plaintiff asserts six causes of action: (Count 1) failure to

---

appear by telephone at that conference.

[4]  The Court notes that Ford maintains its principal place of business in Dearborn, Michigan. (Removal, Ex. B.)

promptly replace or make restitution as required by Civil Code Sections 1793.2(d) and 1793.1(a)[5] (*id.* ¶¶ 12-17); (Count 2) failure to commence service or repairs within a reasonable time in violation of Section 1793.2(b) (*id.* ¶¶ 18-22); (Count 3) failure to make available authorized service and repair facilities, sufficient service literature, and replacement parts during the express warranty period in violation of Section 1793.2(a)(3) (*id*. ¶¶ 23-25); (Count 4) failure to repair the Vehicle in violation of Section 1791.2(a) (*id.* ¶¶ 26-29); (Count 5) failure to comply with the implied warranty of merchantability in violation of Section 1791.1(a) (*id.* ¶¶ 30-34); and (Count 6) fraud by omission (*id.* ¶¶ 34-50). As part of Counts 1 through 4, plaintiff sought "a civil penalty of two times" plaintiff's actual damages pursuant to Section 1794(e). (*Id.* ¶¶ 16, 22, 25, 29.)

Plaintiff asserts Counts 1 through 4 and 6 against defendant Ford. (*Id.* at 3-5; 7.) Only Count 5 is raised against all defendants, including Curtis. (*Id.* at 6.) With respect to Count 5, plaintiff alleges as follows:

Pursuant to Section 1792, "the sale of the Vehicle was accompanied by [defendants'] implied warranty of merchantability." "Pursuant to [Section] 1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by [defendants], except that the duration is not to exceed one-year." (*Id.* ¶ 31.) At the time of purchase, or within one year thereafter, the Vehicle contained or developed defects, the existence of which constitutes a breach of the implied warranty. (*Id.* ¶ 33.)

### B. Procedural History

Plaintiff filed his initial complaint in the California Superior Court, County of Santa Clara on February 1, 2019. (Compl.) On February 27, 2019 defendants Ford and Curtis both answered plaintiff's complaint. (*See* Dkt. No. 1-1 at ECF 17-28 ("Ford Answer"); ECF 29-40 ("Curtis Answer").)

Shortly thereafter, on March 14, 2019, defendants removed the action to this Court under 28 U.S.C. § 1441 on the grounds that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. (Removal at 1.) Defendants aver that the amount in controversy, exclusive of interest and costs,

---

[5] Unless otherwise noted, section references are to the California Civil Code.

3

exceeds $75,000 and that complete diversity of citizenship exists. (*Id.* ¶¶ 10-35.) Specifically, defendants contend that co-defendant Curtis, although a resident of California, was fraudulently joined named only to defeat a claim of diversity and removal to federal court. (*Id.* ¶¶ 20-33.) In the alternative, defendants argue that Curtis is a "dispensable party" under Rule 21 and therefore may be severed from the action. (*Id.* ¶¶ 34-35.)

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The removal statutes are generally construed restrictively, so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941). Accordingly, there is a "strong presumption against removal jurisdiction" when evaluating a motion to remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction is upon the party seeking removal." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Doubts as to removability are generally resolved in favor of remanding the case to state court. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## III. ANALYSIS

As a preliminary matter, the Court finds that plaintiff's complaint, on its face, alleges that plaintiff is a citizen of California (Compl. ¶ 2 ("Plaintiff is a resident of . . . California.")) and places in controversy an amount that exceeds $75,000 (*id.* ¶¶ 11, 16 (alleging that plaintiff "suffered [actual] damages . . . in an amount that is not less than $25,001.00" and seeking "a civil penalty of two times [plaintiff's] actual damages" pursuant to Section 1794(e)).[6]

Thus, the only remaining issue presented by plaintiff's motion is whether plaintiff fraudulently joined defendant Curtis. "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a

---

[6] *See Romo v. FFG Ins. Co.*, 397 F.Supp.2d 1237, 1240 (C.D. Cal. 2005) (finding that a court may include civil penalties potentially recoverable under California's Song-Beverly Consumer Warranty Act in calculating the amount in controversy.

4

cause of action against a non-diverse party in state court.'" *Grancare, LLC V. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal citations omitted). "Fraudulent joinder is established the second way if a defendant shows that an 'individual[] joined in the action cannot be liable on any theory.'" *Id.* (citation omitted). To so establish, removing parties must show "an 'obvious' failure to state a claim" against the allegedly fraudulently joined party or parties. *Id.* at 549; *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.").

The only claim asserted by plaintiff against Curtis is one for the breach of the implied warranty of merchantability in violation of the Song-Beverly Act. Defendants contend that this claim obviously fails for two reasons: (i) because the "only express warranty alleged in the Complaint is the express warranty provided by Ford . . . the implied warranty at issue is Ford's implied warranty that arose when the [Vehicle] was sold new [and plaintiff] does not allege a breach of any implied warranty that might . . . have arisen in connection with [*Curtis's*] sale of the" Vehicle (Compl. ¶ 24); and (ii) plaintiff's implied warranty claim against Curtis is barred by the statute of limitations and no tolling doctrine applies (*id.* ¶ 31). Additionally, and in the alternative, defendants contend that Curtis is a "dispensable party" under Federal Rule of Civil Procedure 21 and therefore may be severed from the action. (*Id.* ¶ 34.)

First, the Court is unpersuaded by defendants' argument that because plaintiff has not alleged an express warranty against Curtis, it cannot allege an implied warranty against Curtis. Numerous courts have found implied warranty claims against dealerships to be valid, and the dealerships to be necessary parties, in connection with claims under the Song-Beverly Act, even when there is no express warranty as between the plaintiff and the dealership. *See, e.g.*, *Watson v. Ford Motor Company*, No. 18-cv-00928-SI, 2018 WL 3869563, at * 1 (N.D. Cal. Aug. 15, 2018); *Blowers v. Ford Motor Company*, No. CV 17-8224- JFW (KSx), 2018 WL 654415, at * 5 (C.D. Cal. Jan. 31, 2018); *Sandhu v. Volvo Cars of N. Am., LLC*, No. 16-CV-04987-BLF, 2017 WL 403495, at *4 (N.D. Cal. Jan. 31, 2017).

Second, the Court finds some ambiguity as to whether plaintiff's implied warranty claim is

5

1  "obviously" barred due to the statute of illimitations. Under the Song-Beverly Act, the implied
2  warranty of merchantability extends for a period of one year after delivery, and the time for
3  bringing an action is four years from the breach. *Mexia v. Rinker Boat Co.*, 174 Cal.App.4th
4  1297, 1308-1309 (2009); *see also Audo v. Ford Motor Company*, No. 18-cv-00320-L-KSC, 2018
5  WL 3323244, at *2 (S.D. Cal. July 6, 2018) (citing *Kaiser Cement & Gypsum Corp. v. Allis-*
6  *Chalmers Mfg. Co.*, 35 Cal.App.3d 948, 960 (1973)). Here, there is no dispute that plaintiff filed
7  his complaint on February 1, 2019, more than four years after the 2013 tender of delivery.
8  However, "'[t]here is nothing [in the Song-Beverly Act] that suggests a requirement that the
9  purchaser discover and report to the seller a latent defect within that time period.'" *Daniel v. Ford*
10 *Motor Co.*, 806 F.3d 1217, 1223 (9th Cir. 2015) (quoting *Mexia*, 174 Cal.App.4th at 1222)
11 (holding that the Ninth Circuit must adhere to the court's decision in *Mexia* despite its "mixed
12 treatment" by California federal district courts). Therefore, a claim for breach of the implied
13 warranty of merchantability may be based upon a defect not discoverable at the time of sale. *See*
14 *Ehrlich v. BMW of N. Am., LLC*, 801 F.Supp.2d 908, 922 (C.D. Cal. 2010) (citing *Mexia*) (finding
15 the "statute of limitations for Plaintiff's breach of implied warranty claim thus began running in
16 March 2008, when he first discovered that BMW would not repair his defective windshield"); *see*
17 *also Keegan v. Am. Honda Motor Co.*, 838 F.Supp.2d 929, 948 (C.D. Cal. 2012) (failure to
18 discover a defect within the one-year durational period for an implied warranty under Cal. Civil
19 Code 1791.1 does not bar a claim on its face).

20 On the face of the complaint, plaintiff alleges at least eighteen defects. (Compl. ¶ 10.)
21 Although plaintiff does not provide any specific allegations regarding when he learned of the
22 defects, he does allege that the Vehicle contained or developed these defects at the time of
23 purchase or within one year thereafter. (*Id.* ¶ 27.) Therefore, it is possible that one or more of the
24 defects alleged in the complaint were latent in nature, not discoverable until well after the term of
25 the implied warranty and providing plaintiff four years form the date of discovery of the defect to
26 bring the action.

27 However, the Court need not decide whether plaintiff has successfully stated a claim for
28 violation of the implied warranty of merchantability against Curtis. A mere showing that an

6

action is likely to be dismissed against a particular defendant does not demonstrate fraudulent joinder of that defendant. *Diaz v. Allstate Ins. Group*, 185 F.R.D. 582, 586 (S.D. Cal. 1998). Moreover, "[i]n determining whether a defendant was joined fraudulently, the court resolves all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." *Liberman v. Meshkin, Mazandarani*, No. C-96-3344 SI, 1996 WL 732506, at *2 (N.D. Cal. Dec. 11, 1996). Therefore, because plaintiff *may* be able to state a claim against Curtis for violation of the implied warranty of merchantability, the Court finds that defendants have failed to meet their burden to show that Curtis was fraudulently joined. Accordingly, complete diversity, as required for diversity jurisdiction, does not exist.[7]

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiff's motion to remand. Clerk of the Court to remand this action to Santa Clara County Superior Court.

This Order terminates Docket Numbers 12, 19.

**IT IS SO ORDERED.**

Dated: May 10, 2019

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

---

[7] The Court finds defendants' argument that Curtis, the dealership from which plaintiff allegedly purchased the Vehicle at issue in this lawsuit, is a "dispensable party" unpersuasive.

7